The next matter, number 25-1366, United States v. Carlos Bayron-Ramos. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning, Judge Barron. It may please the Court, Samuel Carrion on behalf of the appellant, Carlos Bayron-Ramos. With the Court's permission, I'd like to reserve two minutes for rebuttal. You may. Although our brief discusses two issues, this morning I want to focus on the waiver issue. The district court committed a grave error in this case when it conditioned Mr. Bayron's contesting allegations of supervised release at the final revocation hearing on essentially the revival of a dismissed charge of firearm possession, which the magistrate judge found no probable cause for. Far from a plea agreement or an arm's-length transaction, this placed Mr. Bayron in a very coercive bind in which he was forced to choose between his Rule 32.1 right to contest violations at a final revocation hearing or be subject potentially to greater punishment, which the district court had already characterized as a Grade A violation based on firearm possession. Counsel, I wonder if you could help me understand something about this case that I do find very confusing. The dismissal of the firearm charge, there are two firearm charges in this case, correct? So there are three, Your Honor. There were two, Judge Lopez, there were two firearms that recovered from inside of a car that Mr. Bayron was a rear passenger in. That's right. And there was a firearm that was recovered from the trunk for which the magistrate judge at the preliminary hearing found no probable cause. Okay. What is the – but clearly there were probable cause findings with respect to a number of the violations, and so the revocation hearing had to proceed. Wouldn't the governor – excuse me – wouldn't the government be free to pursue that charge for which no probable cause was found? I mean, that's really – that's a preliminary determination, is it not? Wouldn't the government be free at the merits hearing, if you will, to pursue – to present evidence on that charge, to try to get the district court on a de novo basis to take a different view? It could do that, could it not? So are there – well, to answer your question, there are two things that require me to address with that answer. So first of all, the way the preliminary hearing played out, the magistrate judge made these discrete findings, and at no point during that hearing when the magistrate judge specifically, as it relates to this firearm in the trunk, said that there was no probable cause and parsed out what it found probable cause for or not, and at no point did the government say, you know, we object to that finding or indicate any time up until the final revocation hearing that it was indeed going to pursue – So are you saying that they had waived any opportunity to attempt at the revocation hearing itself to address that charge on the merits? They could not have done that unless the district court said, okay, I'm going to let them do that. Is that your position? I'm not saying that they waived it. I'm just saying that they never gave any type of notice that they were going to do so. And there was – I think there's an important – What's the significance of that, given Judge Lopez's question? Either you're taking the position the government could not have done it despite the finding of no probable cause at the revocation proceeding, or you're taking the position they could have done it despite the – which of the two is it? Well, I think it's important that the first entity to even bring this charge up – I'm not asking that question. I'm just curious, what is your position as to whether at the revocation proceeding, in light of the finding of no probable cause, could the government have made the argument anyway, or could it not have? I think the government could have, but it never intended to do so. Isn't that helpful to your position that the district court was then acting inappropriately? Yes, because – Right, because precisely because the government could have, effectively the district court was saying, without seemingly any authority, I'll give you this benefit I have no authority to give if you'll do something for me. If that's what I understood you to be saying was the improper inducement from the district court. Well, and I think there's a procedural thing that's important that we discuss, which is that the district court itself had ordered Mr. Biden to advise before the hearing whether or not what was going to be at issue, what was going to be contested. She ordered both parties to do so, right? And the government just didn't submit a motion, but you did? Well, the government – Or an informative motion? I'm sorry, Judge Rickleman. I think that it came off as the government had been, in our briefing, that the government had been ordered. The government had been ordered to advise how many witnesses it was going to call. And Mr. Biden had been ordered to not only advise how many witnesses he was going to call, but also if it was going to be contested within the court's deadline, which was a day before the hearing. Mr. Biden filed the motion saying that he was going to contest all allegations of supervised release, obviously encompassing the ones that had been not contested at the probable cause hearing. At the onset of the hearing itself, the district court asked counsel for Mr. Biden to clarify what was the position. And that's when counsel said he's going to contest everything, including those allegations. And that's when the district court, for the first time, brought up these dismissed allegations from the trunk, the firearm in the trunk, and the government had never up until that point indicated that it was going to pursue that. In fact, it didn't pursue that at the final revocation hearing, even though the government did present evidence as to the supposedly stipulated drug positives and mistreatment. Are you saying then that you didn't lose very much if you didn't take the deal from the district court? Because the government wasn't going to raise it anyway? Well, when he made that decision, when Mr. Biden made that decision, he didn't know.  Let's take it that if the district court didn't have the authority to say, I won't take any arguments from the government on this, even though the government was within its rights to make those arguments. And let's say that district court can't offer something it has no power to give in order to induce the defendant to give up something it otherwise could assert. What's the actual prejudice to you in this case from that coercion? Well, at the end of the day, he's still making a decision to supposedly stipulate, right, to consent to his own revocation. And even then, when- And that's what he ended up doing? Well, he took that deal, quote unquote, and then he, at the pronouncement of the district court's findings, the district court had made discrete findings as to seven missed appointments, missed therapy appointments that supposedly he didn't attend. And when defense counsel challenged that and said, this record doesn't show any testimony as to these seven missed appointments, the district court explicitly said, well, those were the allegations that you said you were consented, that you were not contesting. And so there's the harm, is that this record doesn't bear out a basis. I'm still trying to figure out what you were worried about, what was so coercive here. I mean, there were some other violations alleged, and the court found that there was no probable cause for those. I think that included a failed urine test, an admission to the use of cannabis, perhaps missing an appointment of some kind. And so were you concerned that even though there had been a finding of no probable cause at the preliminary hearing, that the government would now be free, in light of what the district court said, to present evidence on those, to attempt to get the court to find that there were violations? Was that- Were you worried about that? I think there were several concerns. Judge Lopez, obviously, the most concerning was the additional firearm, not only it being an aggravating factor if he was indeed revoked on the two other firearms, which he wasn't. The court did not find constructive possession as to those. And also, with just the three drug positives, that does not trigger a mandatory revocation. And so the district court, with just three drug positives, could have sent him to treatment and not revoked him. However, if some of these dismissed drug positives, or drug positives for which there were no probable cause, entered into the scenario, that also would have perhaps triggered a mandatory revocation. So there were a lot of moving parts here. And under the gun, quite literally, he's made to make this decision. Under objection, of course, he did make that objection, made the decision that he was going to take the lesser of the two evils, which would have been the stipulated- But the other- This is just what's a little bit odd here. Suppose the district court had not offered this choice. Wouldn't you still have had the same- You would have been worse off, in a way, in making the choice. And so is the idea that somehow, if he hadn't said this, there would not have been a stipulation? That's what I'm trying to understand. Why would- And maybe this is what Judge Slepez is getting at, too. Why would- What about this question, or offer from the district court, assuming it was inappropriate? Because it was offering something that it had no authority to offer, if that seems to be the logic of it. What about- In the world in which that offer wasn't made, what would lead us on this record to think there wouldn't have been a stipulation? Well, he would have, first of all, had the right to contest those missed therapy appointments, for which the record is very thin, the seven discrete appointments. There was no indication that the government would have presented evidence as to this firearm in the trunk, and the other drug positives, and the other- I think there was a change of residence allegation. The government never pursued those at the final revocation hearing anyway. There was no indication that it would have. So why would he have been worried about that, even in the absence of the district court making the offer? Because the district court is essentially telegraphing, becoming an interested party, saying, I'm going to allow the government to do this. Yeah, but the government would then have to- in other words, it was being read as saying, even though if I hadn't said this, the government wouldn't have brought it, once I say this as the district court, now you should worry maybe the district- the government will bring it? That was the idea? Certainly, Your Honor. Certainly, as the fact finder and the ultimate sentencer, this was an inappropriate statement. And I see I'm out of time here, so I'll-  Can I just ask you, as a matter of practice, what your experience is with how these hearings go, the final hearings go, in situations like this, where you've got an initial hearing, probable cause is found for some of the alleged violations but not all, then you proceed to the final hearing. What, in your experience, is the usual practice for how they proceed? Does the government normally try to reprove things on which the initial hearing resulted in a no probable cause finding? And this might be discreet to the District of Puerto Rico, but it's certainly in practice, and this is why the magistrate judge took pains to parse out what was found and what was not found, because in practice, at these final revocation hearings, the government generally does not present evidence as to allegations for which no probable cause was found. There are cases where there's an intervening indictment, if it's new criminal conduct, when the government has argued this is something now- this is different because now a grand jury has indicted this person, but in this case, that did not happen. He ultimately was indicted for the firearms, but that occurred after conclusion of the revocation proceedings. So in this case, there being no intervening event, I think it was fair that Mr. Byron would have proceeded under the notion that the government was not going to offer any evidence as to these dismissed allegations. Even under the scenario that it actually played out, though, the district court would have had no power, in the absence of the government, challenging something for which there was a no probable cause finding at the revocation hearing, right? It would have had no authority to make that- Yeah. To make that- It would be dependent on the government, would it, or not? I think it would have- I think the government then would have had to- if the district court had said, I'm not going to allow them to present this evidence, and then the government would, I guess, presumably have to- No, no, no. If the district court was suggesting, I might revisit that probable cause decision. That's how you read the district court's offer to you, right? Yes, or at least allow the- Allow them to do it, right? Yes. But the district court would still be dependent on the government actually making the argument. That's right. That's right. So I guess just to this point, if the general practice is the government doesn't make that argument, why, when the district court says that, is there some additional reason to be concerned that the government really would now make the argument? Essentially because the district court is, I would argue, is telegraphing to the government, you have free reign to do this now because this is a, as she put it, a de novo hearing. You were concerned that she was suggesting that she would be open to finding those other violations to be proven if evidence is presented. Was that essentially your concern? That and also because in preparing for the hearing, the preparation was for what was presumably at issue and not this third gun for which there was no probable cause. Thank you. Can I just please ask a question?  Following up on Judge Rickleman's question, I have a, I guess, a matter of practice question. I'm looking at Rule 31C. It ends with this language. If the judge does not find probable cause, the judge must dismiss the proceeding. Now, it's commonplace that there are multiple violations of supervised release alleged, right? I mean, that's commonplace. We have it in this case as well. If the judge had found no probable cause for any of the alleged violations and then, according to this rule, dismissed the proceeding, would that be the end of it? Or does the government have any recourse if the judge were to dismiss, for lack of probable cause, all of the alleged violations? Is it over at that point? So, in other cases, there had been a case where we've litigated this. And so, I've argued in another case that they don't. But the government has argued that the district court has inherent authority to revisit that. But that, I think, in this case, for the purposes of this case, we're not challenging. Well, I understand, because in this case, we have mixed findings. There was some findings of no probable cause, findings of probable cause on others. And so, the proceeding was not dismissed. The merits hearing proceeded with respect to allegations that had not, for which there had been no probable cause, right? Right. In this case, we have the mixed findings. But I think it still comes back to the issue of, up until the final revocation hearing, the government had not indicated that it was going to try to revive these charges or try to present evidence as to these charges. And the first person to bring that up was the district court in the context of, if you do this, if you contest which is your right to do, I'm going to let them do that. And I think that is what infected and what made that waiver involuntary. Thank you. Thank you. Thank you. At this time, would counsel for the government please introduce himself on the record to begin? Good morning. May it please the court? I'm Jacob Larson for the United States. We ask that this court affirm the district court's revocation sentence. And I can respond to a few points that were discussed, but first, just to be clear about what happened. The district court made a judgment call for case management purposes to offer a strategic choice to Bedron about the scope of the revocation hearing. It discussed the procedural ramifications of what would happen between those two options. He made a choice, and then ultimately he would later use that choice, for example, to point to 167. Does the district court have authority to say, I won't entertain challenges to things for which the magistrate judge found no problem at all? The district court could always review the magistrate judge's findings. That's not what I asked. Does it have the authority to say, I won't review the government's contention that there is probable cause for something that the magistrate judge found there was not? The district court could have made that judgment call to do that for the case management purposes. Just to say, I'm just not going to hear from the government? I won't even, even though there might be probable cause, even though they could show it for case management, I just will deny them the right to do that? Could the district court do that? The district court ultimately here didn't matter, and the government didn't object. You're still not answering my question. Does the government have a position on that, that the district court could say to you, you cannot challenge a magistrate judge's probable cause finding? We did not object here to that. In that case, the district court exercised its authority or would have exercised its authority to review the magistrate judge's findings. And this was a favorable judgment call. Had that constituted a waiver on your part? The government didn't object. So that constituted a waiver? With regard to that argument, yes. Because this was ultimately favorable for Berron because it limited the scope of the revocation hearing, and he was able to use that in order to limit the scope of the evidence that the government presented. At pages 167 and 174 of the record, he limits the scope of evidence. One thing for you not to object to, I guess I'm just asking because we're trying to figure out what a district court can do and what constitutes pressure on a defendant. And I'm a little surprised the government thinks that the district court has the authority to offer to a defendant that it will deny the government its right to make a probable cause argument that otherwise it would have. The government ultimately can introduce evidence. It introduced evidence here for the violations that Berron was not contesting. And the district court has an obligation to consider it, doesn't it? It has an obligation to consider that evidence. The district court here said it would not consider it independent of that obligation. What authority does it have to do that? It has authority over the case management to determine whether the magistrate judges findings, to review those findings because it always had total control over those proceedings. Counsel, your opponent said that as a matter of practice, if at the preliminary hearing there's been a no probable cause finding, the government does not pursue a merits determination with respect to those violations. Is that an accurate characterization of the practice of your office? The government usually would not do that. There are cases the government would usually not be pursuing allegations or pursuing for violations for which there was no probable cause. But is that a policy decision? Is it your position that even though that's not our customary practice, under the rules we could pursue a merits determination favorable to the government at the merits hearing? Is that your position? The government could certainly present evidence. What would you be doing when you presented that evidence? Would you be arguing that you should win or you should just be presenting it? Evidence could be related to other violations. As to a violation for which there was a finding of no probable cause at the merits hearing, could the government nonetheless argue you should find the violation? Yes. Okay. Yes. Let me ask you a question about something you said at the beginning of your presentation. You said that the district court was giving the defendant here a strategic choice about the scope of the hearing, and I just want to follow up with you about that. Just like you, based on what you just said, the government can go ahead and try and prove up allegations by preponderance that the preliminary hearing ended in a no probable cause finding for, do you also agree that the defendant, of course, because it's a different standard, a higher standard at the final hearing preponderance, that the defendant has the right to go ahead and contest all of the allegations, including ones for which there was a probable cause finding? Absolutely. The defendant always has a right to contest those. So if the defendant has that, then if a district court essentially says, I'm going to take away your right to contest some of those allegations if you do X, how is that, in the government's view, a proposal about the scope of the hearing? Isn't that just taking away the defendant's rights under the rules? The district court here wasn't taking away the rights. It was offering two options, one where he would not contest certain violations and one where he would contest certain violations. But why would one of the options ever be? In other words, when I think about the scope of a hearing and case management and some of the things you've talked about, I think about just how long is this oral argument going to be? What issues are we going to focus on here? What am I going to schedule it for? It's not about taking away rights that cases and rules provide for. So it would be really helpful to understand from the government, when would a district court ever be able to offer a, quote, unquote, requires a party to give up rights that they have. So here, for example, in terms of case management, there was an instance at 174 in the record where the government was trying to introduce evidence with regard to the gun that was in the trunk, and Berron objected and that evidence was not admitted. And so that's a case of narrowing the scope of the hearing based off of this choice that he was given. He always had the ability to contest. Tell me if I understand it. The defendant always has the right to stipulate, right? And from your perspective, all the district courts said, if you'd like to stipulate, something really good is going to happen to you. That's how you see it, right? Yes. And therefore you say there can't be coercion because it wasn't unless you stipulate something bad happens to you, it's if you stipulate something good happens to you, right? If you don't stipulate, we go back to the way it always is. They can argue what they want, you can argue what you want, right? So you say no coercion. That's your position, right? It's not coercion, no. But that's your understanding of it. Because they said if you'd like to stipulate, you can. And if you do, I'll give you this benefit, which is I won't consider certain things by the government, right? That's your view. Yes. Okay, but the concern is if the district court has no authority to offer the good thing, then it is impermissibly inducing the defendant to give up something. Now, it's true that if the district court said I'll give you $100 if you stipulate, district court can't do that either. But you might say that's not coercive. I mean, you got $100, nothing bad happened to you, you just chose to stipulate. But we don't operate that way. And the district court can't go around offering benefits it has no authority to give in order to induce, but this is the idea, the defendant to give up something it otherwise has. What's your answer to that? So we would say this was a judgment call that the district court made, that the government didn't object to it because it was favorable to Bayron, and then ultimately, regardless, it was non-prejudicial to Bayron because the government introduced evidence sufficient for a Grade B violation. But why was it favorable to him? I think that's what I'm still struggling with. He wanted to be able to contest all of the allegations, presumably because he thought he had a fair chance of, even though probable cause finding had been made, that's a lower standard, he thought maybe he could beat them under a preponderance standard. So how is it favorable to him to lose the ability to contest all of those allegations and just not following? The district court could have always reviewed all the magistrate judge's findings, it could have had what it characterized, although this is more of a basic description. It would have called a de novo hearing, would have reviewed the magistrate judge's findings. I understand what you're saying from a technical standpoint, but I'm just thinking practically as a former advocate myself. You have a hearing on several different allegations. Some of them are found not even to satisfy the lower probable cause standard. So as the advocate, you think, I have a pretty good chance of beating those under a higher standard preponderance. So now I'm going to go ahead and focus my energies on the violations that were found because I think even though a previous judge thought there was enough for probable cause, I now have a chance to show there's not enough for the higher preponderance standard. So how is it helpful to now lose the ability to challenge those allegations when what would be resuscitated is something for which there wasn't even probable cause before? From an advocate standpoint, how is that helpful? So to be clear, this isn't as helpful as say getting a hundred dollars. It's a difficult litigation choice. He's been given about the scope of the hearing and what kind of evidence, but he was able to use that. And the example I pointed to when he's able to limit the scope of what evidence is being presented by the government and make objections based off his strategic choice. But the evidence that was limited was for violations that were found not to even meet the probable cause standard, which is a lower standard that applied. So again, I'm not clear on how what's being offered is favorable. And if I may continue. So for example, with the gun in the trunk, there's overall because the district court didn't find preponderance of the evidence for possession of the guns, but it did consider the circumstances of getting into a car with weapons in it. So evidence could be persuasive to the district court when it's making a sentencing that's not necessarily for the finding of probable cause. At a minimum, you're saying the other half of the choice wasn't unfavorable. It wasn't unfavorable. So if he just said, would you like to stipulate, that's not coercive. So now he says, would you like to stipulate? If you do, I won't consider certain things from the government they probably won't raise. You say that doesn't make it any more coercive because nothing bad comes out of that for him. That's your idea. That's right. And on that point, what do you say to the defendant's argument that that second half of the choice could only be understood as a bit of a wink to the government? Well, if he doesn't take the choice, then maybe you ought to bring me that gun charge. That's what the defense worried about in that situation, against a usual practice of the government not contesting something for which no probable cause was found. Three things. One, there was no evidence in the record of a wink to the government. The court just made a judgment call. Two, Bederon didn't object below on these due process, on a quote coercion grounds. He objected based off of that it was a different preponderance or a different burden of proof. It was a different fact finder. So the court didn't even have a chance to consider that argument. And then three, the government didn't object and ultimately this was just a judgment call by the court in the moment that was later evidence was provided that made it non-prejudicial. So it's hard to read it that way when ultimately the violations were found and proven. Counsel, if at the preliminary hearing, I mean the most serious allegation here involved the finding of the guns in the trunk and the ammunition, if with respect to those the magistrate judge had found no probable cause, would the government have just shrugged its shoulders and walked away and not tried at the merits hearing to get the district court to take a different view? So the most serious and what would have constituted a grade A had the government not failed to meet its burden of proof was the gun under the trunk or not in the trunk, under the front seat. There was chip modified coyote color. There was a machine gun and that would have been sufficient for the grade A violation. And in that case, if the government, I don't know what would have happened. There's nothing in the record to indicate what would have happened if the government had. Okay. But I gather your position would be if the government wanted to, despite that no probable cause finding, it could have attempted at the merits hearing to convince the court and the court acknowledged the possibility that the defendant was in constructive possession of all of the weapons and ammunition that were on the front seat. If you had chosen to do that, you had the right to do that. Is that your position? The government could have introduced evidence and it did not object here to the court's judgment call. Okay. But then I gather your position would be if you could have pursued that most serious charge in the event there was a no probable cause finding that it was always available to the government to pursue all of those violations that were subject to a no probable cause finding. So if the district court said, well, I'm going to open it up. I'm going to let the government do that. I gather your position would be since we already had the right to do that, there was nothing coercive about what the district court did. I mean, isn't that, bottom line, isn't that your position? Yes, and just to speak with this being a judgment call and the practical consideration here, the most serious violation, alleged violation, was the machine gun. The violation sufficient for a grade B violation was possession of controlled substance based off of the drug tests, the emission forms. Ultimately, these other alleged violations like the failure to provide the address, the diluted urine sample, those really, practically speaking, were not as important as these other ones. Counsel, just to clarify what the record was, from my understanding, at the probable cause hearing, the magistrate judge found no probable cause for the violation about the gun in the trunk, but did find probable cause for the violation about the gun under the front seat, and that was the gun that had the modified chip and gave you the possibility of a grade A. So that was a violation that you were always going to pursue, again, based on the practices we understand it and what the rulings had been. It's the one that there was no probable cause finding on was actually not raising the grade of the violation from the government standpoint, correct? That's right. Thank you. Thank you. The rest are up here. At this time, would counsel for the appellant please reintroduce himself on the record? He has a two-minute rebuttal. Good morning again, and may it please the Court, Samuel Carrion, on behalf of the appellant, Carlos Bayron-Ramos. I just want to address one point that the government's counsel made about bringing to the Court's attention what the issue was with this proposal. Even though the words Rule 32.1 or due process weren't uttered per se, and this is on 128 of the appendix, defense counsel did cite what the issue was, that this is a different standard, a higher standard. This is preponderance. This is before a different fact finder. So to the extent that the district court was treating some type of concession at a probable cause hearing as an admission of guilt and then turning that around and saying, well, hey, if you're going to take this position, this is what I'm going to do. But that's the second part that Judge Lopez was trying to get at with your opponent counsel here. What was the district court saying would happen if you don't stipulate? Basically, and this goes back to Judge Rickleman's point about the practice in the district. Basically, if that's . . . But he didn't say the practice would change. He just said we'll go back to how it always is, and that will depend on whether the government brings the argument. And I'm going to allow, which means . . . He would allow, but he has to allow. Even without saying it, he has to allow it. But implicit in what the court was saying was I'm going . . . because if you do take this concession, I'm going to disallow the government to present this evidence.  And so that was the problem. He's waving rights under this cloud of, okay, if I don't waive these rights, I'm going to be potentially exposed to a higher grade violation. But you proposed to that anyway. All he was getting was . . . This was the government's position. I just want you to answer it. All he was getting was a benefit that it was going to disallow the government from doing something it had a right to do in the absence of the district court disallowing it. So how is that coercive? What's your answer to that? It might have been an illusory benefit because the government wasn't going to do it anyway, and so . . . So then it's just back to stipulate if you'd like. What's the harm in giving them an illusory benefit? Can you answer that? Well, I think you have the imprimatur of the court saying . . . I mean, I understand that it's not . . . It may not be saying you need to go ahead and do this. The court couldn't, of course, do that. But I think that that's still a concern, that the government would otherwise not pursue this. But now the court is saying, well, if you don't stipulate, then I'm going to allow them to do this. And I understand the court's point about, well, they could have done that anyway. But they never, up until that point, gave any indication that they would have. Thank you, Your Honor. Thank you. Thank you. That concludes argument in this case.